IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNEST RICHARD LEYBA,

    Plaintiff,

  v.                                 No. CIV 10-00731 WJ/RLP

PHARM CORR MEDICAL CARE SERVICES,
BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,

    Defendants.

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will require Plaintiff to show cause why his complaint should not be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that before Plaintiff was incarcerated he had suffered a broken foot, for which surgery was required.  He alleges that the surgery was ordered, but detention center and medical staff have delayed the necessary arrangements.  An "aircast" was provided, but staff have not allowed him to adequately adjust the device's air pressure.  He contends that Defendants' actions have worsened his condition and caused him constant pain.  The complaint seeks damages.

In the complaint, Plaintiff affirmatively states that he has not exhausted available administrative remedies.  Plaintiff may not prosecute his federal claims unless he has exhausted those remedies.  *See* 42 U.S.C. § 1997e(a).  Typically, the issue of non-exhaustion must be raised as an affirmative defense.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  As here, however, "[i]f it is clear on the face of [Plaintiff's] complaint that he had not exhausted his administrative remedies, then the district court properly may raise the exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and seek additional information from [Plaintiff]."  *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (citing *Acquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  Because Plaintiff states that he has not exhausted his available administrative remedies, the Court raises the issue *sua sponte* and will require him to show cause why his complaint should not be dismissed.

IT IS THEREFORE ORDERED that, within twenty-one (21) days from entry of this order, Plaintiff respond to this order showing cause, if any, why his complaint should not be dismissed for failure to exhaust available administrative remedies.

Richard L. Puglisi
Chief United States Magistrate Judge